IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEPHREN THOMAS, § <br> Dall. Cnty. Jail Bookin No. 20008708, § <br> § <br> Plaintiff, § <br> § <br> V. § <br> § <br> DALLAS COUNTY, ET AL., § <br> § <br> Defendants. § | No. 3:22-cv-1484-B-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Kephren Thomas, an inmate at the Dallas County jail, proceeding *pro se*, alleges that jail officials have denied him access to the courts. *See* Dkt. No. 3.

United States District Judge Jane J. Boyle referred Thomas's lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Thomas's motion for leave to proceed *in forma pauperis* [Dkt. No. 4] under the Prison Litigation Reform Act (the PLRA). *See* Dkt. No. 5. Thomas then amended his complaint through verified responses to the Court's screening questionnaire. *See* Dkt. Nos. 5, 6. And he moved for a temporary restraining order and preliminary injunction, requesting that he be provided physical access to the law library for two hours daily (the TRO Motion) [Dkt. No. 8].

The undersigned enters these findings of fact, conclusions of law, and recommendation that, considering his allegations as amended, the Court should deny the TRO Motion and dismiss Thomas's lawsuit with prejudice under the PLRA.

## Legal Standards

Under the PLRA, where prisoners – whether they are incarcerated or detained pending trial – seek relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual allegations*' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as a court should not dismiss "a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

So plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins*

*Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

So a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as "*[p]ro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)).

And "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B,

2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

To obtain either a preliminary injunction or a TRO – "a highly accelerated and temporary form of preliminary injunctive relief," *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up) – an applicant must "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted). *Accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

## Analysis

Thomas's allegations as amended and state court records, of which the Court may take judicial notice, *see, e.g.*, *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (per curiam), reflect the following: Thomas was booked into the Dallas County jail in February 2020, charged with murder; he was appointed

counsel and then indicted; in February of this year, a jury found him guilty of murder, and he was sentenced to imprisonment for life. *See State v. Thomas*, F20-36078-T (283d Jud. Dist. Ct., Dall. Cnty., Tex. Feb. 8, 2022). With the assistance of court-appointed counsel, Thomas filed an appeal on February 22, 2022. *See Thomas v. State*, No. 05-22-00139-CR (Tex. App. – Dallas).

Through this federal civil suit, Thomas alleges that deficiencies with the jail's law library and legal program have violated his constitutional rights.

While pretrial detainees and prisoners have an established "constitutional right to access the courts." *Mendoza v. Strickland*, 414 F. App'x 616, 618 (5th Cir. 2011) (per curiam) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)),

> *Bounds* did not establish that prisoners have a right to a law library or legal assistance. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). Rather, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for assuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id.* at 351 (quoting *Bounds*, 430 U.S. at 825). Therefore, a prisoner alleging a violation of *Bounds* must demonstrate an actual injury. *Id.* According to the Supreme Court, the right to access the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Because of the actual injury requirement, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.*

*Id.*; *see also Hopkins v. Ogg*, 783 F. App'x 350, 354 (5th Cir. 2019) (per curiam) ("A prisoner's right of access to the courts is limited to 'the ability of an inmate to prepare and transmit a necessary legal document to a court.'" (citing *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996); *Terry v. Hubert*, 609 F.3d 757, 761-62 (5th Cir. 2010)

(applying this principle to pretrial detainees))).

First, insofar as Thomas's access-to-the-courts allegations assert an injury based on his underlying state criminal proceedings (at trial and now in a pending appeal), the appointments of counsel in those proceedings "satisf[y] the constitutional requirements." *Story v. Ellis Cnty. Ct. 40th Dist.*, No. 3:19-cv-1994-B-BN, 2019 WL 5580143, at *3 (N.D. Tex. Aug. 30, 2019) ("[B]ecause an inmate's constitutional right of access to the courts may be satisfied by providing a court-appointed attorney, to the extent that this claim concerns his state criminal proceedings, the appointment of counsel for Story in that proceeding satisfies the constitutional requirements." (citing *Bounds*, 430 U.S. at 828, 830-31; *Lewis*, 518 U.S. at 351-52)), *rec. accepted*, 2019 WL 5579468 (N.D. Tex. Oct. 29, 2019).

And, to better understand any constitutional injury related to civil litigation that he has pursued (or would have pursued) while incarcerated, the Court ordered that Thomas identify, to the extent that he "allege[s] that defendants prevented [his] ability to prepare and transmit necessary legal documents to a court," each instance and specifically explain how he was harmed. Dkt. No. 5.

In response, *see* Dkt. No. 7, Thomas first identified a docketed federal habeas case – in which he asserted that he should be released considering the ongoing COVID-19 pandemic and sought a TRO – that was dismissed without prejudice to his right to pursue available state court remedies; Thomas appealed, and the United States Court of Appeals for the Fifth Circuit denied him a certificate of appealability (COA). *See Thomas v. Brown*, No. 3:20-cv-1258-C-BN, 2020 WL 3420973 (N.D. Tex.

May 19, 2020) ("Thomas may still pursue remedies related to pretrial release based on COVID-19 in state court – for example, to the extent that he is being detained without bond, he could, through his court-appointed counsel, file a direct appeal." (citations omitted)), *rec. adopted*, 2020 WL 3420941 (N.D. Tex. June 22, 2020), *COA denied*, 2020 WL 8184461 (5th Cir. Sept. 28, 2020).

He next claims that, because he contracted COVID-19, he was prevented from pursuing a civil rights case based on the conditions of his confinement (and apparently similar in nature to the allegations in the habeas case). But the court in the habeas proceeding addressed COVID-19-related conditions of confinement as a basis for release from custody and concluded that the claim must first be presented to a state court. *See Thomas*, 2020 WL 3420973, at *2-*3. And his current allegations and established record of filing actions in federal court belies an inference that, had Thomas filed a separate action under 42 U.S.C. § 1983, the jail would have prevented him from preparing and transmitting filings in such an action.

Thomas finally identifies a state habeas application that was filed and then dismissed by the Texas Court of Criminal Appeals for non-compliance with its rules. *See Ex parte Thomas*, WR-83,337-04 (Tex. Crim. App. Mar. 9, 2022).

In sum, Thomas has not plausibly alleged that his ability "to prepare and transmit a necessary legal document to a court" was abridged while incarcerated at the Dallas County jail. *Hopkins*, 783 F. App'x at 354. Thomas's failure to allege a substantial likelihood that he will prevail on the merits of his access-to-the-courts claims requires the denial of the TRO motion. And his claims as amended should be

dismissed with prejudice.

## Recommendation

The Court should deny Plaintiff Kephren Thomas's motion for a temporary restraining order and preliminary injunction [Dkt. No. 8] and dismiss this lawsuit with prejudice under 28 U.S.C. § 1915A.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 18, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE